**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANCIS JIMENEZ MINYETTY,

               Petitioner,

        v.

WARDEN, FCI FORT DIX,

               Respondent.

Civil Action No. 23-4009 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition (ECF No. 1) and *in forma pauperis* application (ECF No. 3) filed by Petitioner Francis Jimenez Minyetty. As Petitioner has shown that leave to proceed without prepayment of the filing fee is warranted in this matter, his application shall be granted. As such, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

## I.   BACKGROUND

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner contends that he should be eligible to receive credits under the First Step Act, but he was previously denied eligibility solely on the basis of an

immigration detainer against him.  (*Id.* at 9-11.)  Petitioner therefore requests that the Court order

the BOP to consider him eligible to receive credits notwithstanding his detainer.  (*Id.*)  Petitioner,

however, did not exhaust his claims before filing his habeas petition as he believes he is exempt

from that requirement.  (*See* ECF No. 1 at 2; ECF No. 1-1.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is

in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4

of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule

1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence

and determine whether it "plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*,

512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his habeas petition, Petitioner argues that the BOP should be ordered to consider him

eligible for First Step Act credits as he has previously been denied eligibility based solely on an

immigration detainer lodged against him by immigration officials.  Petitioner's allegations,

however, ignore that the Bureau of Prisons altered the relevant policy – Program Statement

5410.01 – in February 2023 such that prisoners with immigration detainers are now eligible to earn

First Step Act credits and apply them towards early release on supervised release. *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023). Under the revised policy, as in the First Step Act itself, only those inmates with a final order of removal are rendered ineligible. Assuming Petitioner is correct that he was denied eligibility solely on the basis of the detainer, both the statute and BOP policy would now treat him as eligible to accrue credits without any order of this Court being necessary. As the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, the BOP has the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016). The BOP thus can, through prison grievance system, provide Petitioner with the relief he seeks, and it appears Petitioner's alleged continued ineligibility is the result of his failure to pursue relief through BOP grievance procedures.

Petitioner's failure to pursue such procedures prevents him from litigating this issue before this Court. Habeas petitioners are required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because Petitioner appears to be eligible under the revised policy

discussed above, and the BOP has the power and authority to correct improper calculations of credits and determinations of credit eligibility, exhaustion would not be futile in this case, and this Court perceives no basis for Petitioner to avoid the exhaustion process.  The Court likewise observes that requiring exhaustion in this instance fosters the creation of an adequate record which could be used by a court to review any remaining issues with Petitioner's eligibility once he completes the exhaustion process.  Because Petitioner has failed to show a basis for not applying the exhaustion requirement, as exhaustion would not be futile in this case, and as Petitioner can secure relief through administrative exhaustion, this matter must be dismissed without prejudice in light of Petitioner's failure to properly exhaust his administrative remedies prior to filing suit.

IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's *in forma pauperis* application (ECF No. 3) is **GRANTED**, and his habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge